**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1086-18T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

KORY S. MCCLARY, a/k/a
MERLIN MCCLARY,

     Defendant-Appellant.

_____

Submitted February 10, 2020 – Decided March 26, 2020

Before Judges Fasciale and Rothstadt.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 10-08-1852.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

Damon G. Tyner, Atlantic County Prosecutor, attorney for respondent (Melinda A. Harrigan, Assistant Prosecutor, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant appeals from an August 30, 2018 order denying his petition for post-conviction relief (PCR). Defendant primarily maintains that his trial counsel rendered ineffective assistance. Judge Bernard E. DeLury, Jr., entered the order and rendered a lengthy written decision denying the petition without an evidentiary hearing.

A jury convicted defendant of multiple crimes, including two counts of first-degree murder, N.J.S.A. 2C:11-3(a)(1)(2), two counts of second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1), and numerous weapons offenses, N.J.S.A. 2C:39-4(a), -5(b), and -7.[1] The court sentenced him to 130 years' imprisonment with 112 years' parole ineligibility. We upheld his convictions and sentences. State v. McClary, No. A-5197-13 (App. Div. Jan. 19, 2017). The Supreme Court denied certification. State v. McClary, 229 N.J. 623 (2017).

In May 2017, defendant filed his PCR petition. In his petition, defendant argued his trial counsel rendered ineffective assistance by failing to investigate and/or having exculpatory witnesses testify.

On appeal, defendant argues:

---

[1] Defendant waived his right to a jury trial as to certain persons not to possess weapons, N.J.S.A. 2C:39-7, and the judge convicted him of that crime.

POINT I

THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF TRIAL COUNSEL'S INEFFECTIVENESS FOR FAILING TO INVESTIGATE AND/OR HAVE EXCULPATORY WITNESSES TESTIFY.

    A. Trial Counsel Failed To Have Alibi Witnesses Testify.

    B. Trial Counsel Failed To Investigate An Eyewitness.

Defendant raises the following additional arguments in his pro se brief, which we have renumbered:

POINT II

THE PCR [JUDGE] ABUSED [HIS] DISCRETION IN DENYING . . . [DEFENDANT'S] PETITION FOR [PCR], WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CLAIMS OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL, IN VIOLATION OF HIS RIGHTS TO A FAIR TRIAL AND DUE PROCESS OF LAW GUARANTEED BY THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE [I] PARAGRAPH 10 OF THE NEW JERSEY CONSTITUTION.

    A. The [Judge] Erred In Denying . . . [Defendant] An Evidentiary Hearing To

3

Establish That Trial Counsel Was Ineffective For Failing To Submit . . . [Defendant's] Pro[]Se Brief To Suppress The Statements Of [A.L.].

B. The PCR [Judge] Erred In Determining That This Claim Was Barred Under [Rules] 3:22-2 And 3:22-4.

C. The PCR [Judge] Abused [His] Discretion In Determining That Rebuttal Witness [A.P.'s] Certification Was A Bald Assertion.

D. The PCR [Judge] Misinterpreted . . . [Defendant's] Claim, In As Much That Trial Counsel Failed To Properly Cross-Examine [A.L.] And [D.S.].

E. Trial Counsel Was Ineffective For Failing To Properly Consult With [Defendant] To Form A Cohesive Trial Strategy.

> i. Counsel Failed To Advise . . . [Defendant] Of His Constitutional Right To Testify.

> ii. Counsel Failed To Discuss Strengths And Weaknesses Of The Case.

F. Trial Counsel Was Ineffective For Failing To Provide Or Go Over Discovery With . . . [Defendant]. An Evidentiary Hearing Was Required To Determine The Scope Of [Defendant's] Claim.

4

G. The PCR [Judge] Abused [His] Discretion In Determining That . . . [Defendant] Was Not Entitled To An Evidentiary Hearing On This Claim.

POINT III

THE PCR [JUDGE] FAILED TO MAKE SPECIFIC FACT FINDINGS AS REQUIRED BY RULES 1:7-4(A) [AND] 3:22-11; AND THE [PCR JUDGE'S] STATED CONCLUSIONS OF LAW, PERTAINING TO . . . [DEFENDANT'S] INEFFECTIVE CLAIMS OF TRIAL COUNSEL IN FAILING TO OBJECT TO, OR TO ASK FOR, A MISTRIAL, WHEN THE TRIAL [JUDGE] GAVE SPECIFIC INSTRUCTIONS FOCUSING, AND DIRECTED AT, A SINGLE JUROR, WERE FLAWED. APPELLATE COUNSEL WAS FURTHER INEFFECTIVE IN FAILING TO RAISE THIS CLAIM, THEREBY FURTHER VIOLATING [DEFENDANT'S] CONSTITUTIONAL RIGHTS TO DUE PROCESS OF LAW.[2]

We conclude that these arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons set forth by Judge DeLury in his well-reasoned decision. We add the following remarks.

_____

[2] Defendant did not allege in his PCR petition or before the PCR judge that appellate counsel rendered ineffective assistance of counsel. We nevertheless conclude his argument that appellate counsel was ineffective lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

A defendant is entitled to an evidentiary hearing only when he "'has presented a prima facie [case] in support of [PCR],'" State v. Marshall, 148 N.J. 89, 158 (1997) (first alteration in original) (quoting State v. Preciose, 129 N.J. 451, 462 (1992)), meaning that a "defendant must demonstrate a reasonable likelihood that his . . . claim will ultimately succeed on the merits." Ibid. For a defendant to obtain relief based on ineffective assistance grounds, he is obliged to show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced his right to a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey, now known as the Strickland/Fritz test). Under this standard, defendant was not entitled to an evidentiary hearing.

We reject defendant's assertion that trial counsel was ineffective by failing to produce D.F. (his mother), Z.B. (his mother's friend), and N.G. (his friend), as alibi witnesses. As to these individuals, trial counsel exercised strategy by intentionally not calling them to testify. The law is settled on this point.

Trial "[c]ounsel's 'strategic choices made after a thorough investigation of [relevant] law and facts . . . are virtually unchallengeable.'" State v. Petrozelli, 351 N.J. Super. 14, 22 (App. Div. 2002) (second and third alterations in original)

A-1086-18T1

(quoting Strickland, 466 U.S. at 690-91). "A court evaluating a claim of ineffective assistance of counsel must avoid second-guessing defense counsel's tactical decisions and viewing those decisions under the 'distorting effects of hindsight.'" Marshall, 148 N.J. at 157 (quoting Strickland, 466 U.S. at 689). In fact, there is a strong presumption that defense counsel's conduct falls into the range of reasonable assistance as guaranteed by the Sixth Amendment. Ibid. A reviewing court should accord deference to "strategically defensible" tactical decisions. State v. Hightower, 120 N.J. 378, 402 (1990). Consequently, counsel's decision as to which witnesses to call to the stand is "an art," to which a reviewing court must be "highly deferential." State v. Arthur, 184 N.J. 307, 321 (2005) (quoting Strickland, 466 U.S. at 689, 693).

As to two of the purported alibi witnesses, trial counsel stated on the record that he and defendant discussed his tactical decision not to produce the witnesses.

> [Trial Counsel]: Your Honor, there's one other thing that I discussed with [defendant]. Judge, there's reference in his statement to alibi. There [are] discoverable materials in my possession. Based on those discoverable materials, I've spoken with [defendant] and I've decided not to call either of those two potential witnesses for reasons that are known to the State as well as myself and [defendant]. So based on that, that's a strategic decision that I have made. I

> do not wish to expose them to cross-examination on prior statements.
>
> The Court: It's my understanding, then, to the extent that there may be some information relative to alibi or other places or persons involved in the case, it's your strategic decision to forego any evidence on that point.
>
> [Trial Counsel]: Based on prior statements, yes.
>
> The Court: Very well. I understand your position[.]
>
> [(Emphasis added).]

Although defendant argues that trial counsel did not adequately state on the record his reasoning for not producing the potential alibi witnesses testify, the record reflects otherwise. Trial counsel strategically decided not to call these witnesses because their credibility could be impeached based on prior statements.

Specifically, Z.B. and D.F. certified that police searched the house for defendant. But in his testimony before the trial judge, the detective stated that upon arriving at defendant's house, D.F. told him "you're not getting in [the house]." The detective stated, "at that point we didn't have enough for a search warrant, so we backed off[.]" Police did not enter the residence until the following day. As the PCR judge noted, the information contained in the alibi witnesses' certifications "directly conflicts with the trial testimony and various

police reports and is therefore incredible." Therefore, as to Z.B. and D.F.'s certifications, defendant failed to satisfy prong one of Strickland.

Even if defendant established prong one, which is not the case, he would not be able to demonstrate the second prong of Strickland. Under the second prong, the defendant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687.

> "Whether the testimony of the proposed witness shows directly that a defendant was not physically present at the precise time and place of the alleged offense, or does so only inferentially, its purposes and objectives are the same. The difference is the weight and degree of persuasiveness attributed to that testimony by the jury."
>
> [State v. Banks, 349 N.J. Super. 234, 247 (App. Div. 2001) (quoting State v. Nunn, 113 N.J. Super. 161, 168 (App. Div. 1971)).]

As to N.G., defendant baldly asserts that this "prospective alibi testimony transcended the dubious import of [the victim] identifying defendant as the gunman on June 21, 2008." Defendant has failed to demonstrate that N.G. and the other alibi witnesses would have affected the outcome of trial, especially considering the numerous other witness who testified as to defendant's

9

involvement in the shootings. Thus, defendant fails to satisfy the second prong of Strickland.

Defendant contends that trial counsel failed to investigate A.G. as a potential alibi witness. PCR counsel submitted A.G.'s certification to the PCR judge, who found "even if the jury was presented with the testimony of . . . [A.G.], the jury was still presented with sufficient evidence that [defendant] committed the murders and thus the outcome would not have been altered in any way."

Trial "[c]ounsel has a duty to make [a] reasonable investigation[] or to make a reasonable decision that makes particular investigations unnecessary." State v. Chew, 179 N.J. 186, 217 (2004) (quoting Strickland, 466 U.S. at 691). Generally, an attorney representing a criminal defendant should interview all alibi witnesses. State v. Pierre, 223 N.J. 560, 582 (2015). "Failure to investigate an alibi defense is a serious deficiency that can result in the reversal of a conviction." State v. Porter, 216 N.J. 343, 353 (2013). As the PCR judge noted, defendant fails to raise any particular arguments as to how trial counsel failed to investigate A.G. as a potential witness. The PCR judge already found that even with A.G.'s testimony, there was sufficient evidence presented to the jury

to find defendant committed the crimes, thereby failing to satisfy the second prong of Strickland.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION